NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-862

COMMONWEALTH

vs.

CECIL J. BALDWIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On June 22, 2023, the defendant entered a conditional plea of guilty to trafficking in cocaine and possession of marijuana. See Mass. R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019).  He also pleaded guilty to operating a motor vehicle while under the influence of drugs (OUI-drugs).[1]  The charges arose from the stop and subsequent inventory search of the car the defendant was driving in the early morning hours of March

_____

[1] The defendant also was charged with multiple civil infractions including a marked lanes violation, G. L. c. 89, § 4A, operating an unregistered motor vehicle, G. L. c. 90, § 9, operating an uninsured motor vehicle, G. L. c. 90, § 34J, and possession of an open container of alcohol, G. L. c. 90C, § 24I. The Commonwealth entered a nolle prosequi as to the charge of operating an uninsured vehicle, and the defendant was found not responsible of the remaining charges.

19, 2022.  The defendant filed a motion to suppress the drugs (cocaine and marijuana) and money (around $2,000) that were found in the car claiming, among other things, that the items were discovered and seized unlawfully because the search was conducted without a warrant or valid consent.  At the hearing on his motion, the defendant further contended that the items should be suppressed because the troopers violated the State police written towing policy, and thus the inventory search was unlawful.  The motion was denied by a judge of the District Court in a comprehensive memorandum of decision and order.  We affirm.

Background.  We summarize the facts as found by the motion judge, supplemented by uncontested evidence presented at the hearing.  At approximately 12:15 A.M., Trooper Brittany Martineau responded to a report of an erratic driver on Interstate 91 in Springfield and observed the defendant driving a Honda sedan at a low rate of speed from "left to right, left to right" in the northbound travel lane.  At one point the defendant crossed over the "skip lane" and then came to a complete stop in the right travel lane.  Trooper Martineau activated her emergency lights and pulled up behind the defendant.  After instructing the defendant to move his car into the breakdown lane, which he did, Trooper Martineau approached

2

the passenger side of the car and advised the defendant of her concern that he was not driving safely and that other motorists had reported similar concerns to the police. The defendant appeared to be significantly impaired; he was flailing his arms and did not know he was in Springfield. The car belonged to the defendant's girlfriend and was not insured or registered.

Soon thereafter, a second trooper, Brendan Woeller, arrived at the scene. He ordered the defendant out of the car, and when the defendant opened the car door, Trooper Woeller saw a plastic bag containing what he believed to be cocaine in the driver's side door panel. As Trooper Martineau began to administer field sobriety tests to the defendant, Trooper Woeller returned to the car and seized the cocaine. Based on Trooper Martineau's testimony and video footage of Trooper Woeller's body-worn camera, the judge found that the cocaine was in "plain view" when the defendant "hopped" out of the car.

Meanwhile, Trooper Martineau continued to conduct field sobriety tests, none of which the defendant could perform satisfactorily. Around this time, a third trooper and paramedics arrived. The paramedics examined the defendant and asked if he had any drugs in his system, to which the defendant

responded, "probably marijuana."[2]  Ultimately, Trooper Martineau

formed the opinion that the defendant was under the influence

and placed him under arrest.  Once the defendant was arrested,

or, as the judge found, "perhaps prior to the defendant's formal

arrest," the troopers made arrangements to have the car towed.

Before the tow truck arrived, the troopers conducted an

inventory search of the car and seized ten to twelve bags of

marijuana, seventy-five grams of cocaine, and approximately

$2,000 in cash.  The car was then towed from the scene.

On the basis of these facts, the judge concluded that the

discovery of the cocaine was justified under the plain view

doctrine and that even if the cocaine had been seized

prematurely, it would have been lawfully discovered during the

subsequent inventory search and, therefore, alternatively, the

cocaine was admissible at trial under the inevitable discovery

doctrine.  The judge further concluded that the marijuana and

cash were properly found and seized during the course of a

lawful impoundment and inventory search conducted pursuant to

written inventory and tow policies, which were introduced as

exhibits at the hearing.

---

[2] Footage from a body-worn camera is documentary evidence, and we may review such evidence de novo.  See Commonwealth v. Tremblay, 480 Mass. 645, 656 (2018).

Discussion. "In reviewing a ruling on an order on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.'" Commonwealth v. Scott, 440 Mass. 642, 646 (2004).

As noted above, the defendant entered a conditional plea so as to preserve his challenge to the denial of his motion to suppress.[3] He argues that the judge erred by allowing Trooper Martineau to testify as to what Trooper Woeller saw when the defendant got out of his car. Relying on Commonwealth v. King, 67 Mass. App. Ct. 823, 830 (2006), in which we affirmed the allowance of a motion to suppress where the officer who made a plain view observation of drugs did not testify at the motion hearing, the defendant contends that the judge could not properly conclude that the cocaine was seized under the plain view doctrine based solely on Trooper Martineau's testimony. However, we need not decide whether the judge's reliance on Trooper Martineau's testimony was improper because there was additional evidence apart from Trooper Martineau's testimony that supported the judge's finding. Both Trooper Martineau and

---

[3] We acknowledge, as the Commonwealth notes in its brief, that the motion to suppress had no effect on the defendant's conviction of OUI-drugs and that his guilty plea to that charge was unconditional.

5

Trooper Woeller wore body cameras, and the video footage of Trooper Woeller's camera, which was introduced at the hearing by the defendant, supports the judge's finding that Trooper Woeller "saw the plastic bag of cocaine" and was "justified in returning to the defendant's car and pulling the plastic bag out of the door panel" to examine it. The judge expressly relied on the video footage in reaching his conclusion. As such, the finding is not clearly erroneous. See Commonwealth v. Thomas, 429 Mass. 403, 405 (1999) ("motion judge's findings of fact are binding in the absence of clear error").

Next, the defendant argues that the marijuana and approximately $2,000 in cash found during the inventory search of the car should have been suppressed because the troopers did not follow their written inventory and towing policies. More specifically, he claims the troopers violated the towing policy by calling for a tow before he was formally arrested.[4] We discern no merit to this argument where, as here, the towing policy explicitly permits the towing of any vehicle that is "[n]ot validly registered or insured." Put simply, under the circumstances presented, it matters not whether the tow

_____

[4] Although the Commonwealth had the burden of proving the constitutionality of both the towing of the vehicle and the inventory search, the defendant challenges only the propriety of the tow.

procedure was initiated before a formal arrest of the defendant occurred. Because the car was not registered or insured, it was properly subject to being towed even if the defendant had not been arrested. In addition, the vehicle could not be safely left on the highway at that time of the night. See Commonwealth v. Rosario-Santiago, 96 Mass. App. Ct. 166, 175 (2019) (car could not reasonably be left on side of Route 495 at 6 P.M.). Consequently, the inventory search, the lawfulness of which "turns on the threshold propriety of the vehicle's impoundment" likewise was proper. Id. Moreover, to the extent the defendant maintains that he should have been offered the possibility of making other arrangements, we note that no other driver could lawfully drive the car. Contrast Commonwealth v. Oliveira, 474 Mass. 10, 15-16 (2016) (motion to suppress properly allowed where impounded vehicle was lawfully parked in department store lot and driver, who had been arrested, provided reasonable practical alternative to towing vehicle). Furthermore, contrary to the defendant's assertion, the police were not obligated to make alternative arrangements on behalf of the owner of the car. See Commonwealth v. Eddington, 459 Mass. 102, 109 (2011) (police

have no obligation to locate or telephone registered owner to determine his or her wishes).

Order denying motion to
suppress affirmed.

By the Court (Vuono,
Massing & Allen, JJ.[5]),

*Paul Little*

Clerk

Entered:  October 10, 2025.

---

[5] The panelists are listed in order of seniority.